# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

MAXLY PARKER, ADC # 136252, and                                                                PLAINTIFF
STACY PASCHALL JAGERS

v.                                          4:14CV00424-JM

ADAM BARNES, *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     INTRODUCTION

Maxly Parker ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights[1] (Doc. No. 2). After careful review of the Complaint, the Court concludes that he has failed to state a claim upon which relief can be granted and his Complaint should be dismissed.

### II.    SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780

---

[1]This action was initially brought on behalf of both Maxly Parker and Stacy Paschall Jaggars (Doc. No. 2). Ms. Jaggars has since filed a Motion to Dismiss Party (Doc. No. 6) requesting to be dismissed as a party to this action. The Court concluded that Ms. Jaggars' Motion to Dismiss Party should be granted in a previous recommendation. (Doc. No. 8).

2

F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.   ANALYSIS

Plaintiff brings this action alleging that he was wrongfully convicted of a parole violation (Doc. No. 2 at 5). He alleges that each of the named Defendants bears responsibility for that wrongful conviction and seeks: (1) the reversal of his parole violation, (2) disciplinary action against each Defendant, and (3) monetary damages for false imprisonment and "mental anguish" (*Id*. at 4-7).

The United States Supreme Court's decision in *Heck v. Humphrey* holds that a § 1983 action to recover damages for an allegedly unconstitutional conviction or imprisonment can only lie where a plaintiff can demonstrate that his conviction or sentence has already been invalidated.  512 U.S. 477, 487 (U.S. 1994).  Otherwise, a judgment in a plaintiff's favor would "necessarily imply the invalidity" of his conviction. *Id.*  In this action, Plaintiff alleges that his parole was unlawfully revoked and he seeks to hold each defendant liable for their allegedly unconstitutional involvement. Therefore, a judgment in Plaintiff's favor would, by necessity, imply the invalidity of his parole revocation. At this time, however, Plaintiff provides no evidence that his parole revocation has been reversed, expunged by executive order, or declared invalid by either a state tribunal or a federal court's issuance of a writ of habeas corpus. Indeed, Plaintiff specifically requests, along with monetary damages, the reversal of his parole conviction (Doc. No. 2 at 7). As such, a § 1983 action

based on the alleged illegality of his parole revocation is not cognizable at this time.

Based on the foregoing, the Court concludes that Plaintiff's action should be dismissed. If he wishes to challenge *only* the fact or duration of his conviction then he may file a separate habeas action. If he seeks damages available under § 1983 which stem from his parole revocation, he must first wait until he has invalidated that same revocation through appropriate channels.

**IV.  CONCLUSION**

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's cause of action be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)[2];

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 18th day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."